UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMY C. VAUGHN,

        Plaintiff,

v.                                                                      Case No. 25-CV-1862

THE WISCONSIN STATE PUBLIC DEFENDERS,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Jeremy C. Vaughn, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and was assessed an initial partial filing fee of $1.05. On January 20, 2026, Plaintiff filed a motion to waive the initial partial filing fee. Plaintiff lacks the funds to pay the initial partial filing fee. Therefore, the Court grants Plaintiff's motion to waive the initial partial filing fee, waives the initial partial filing fee, and grants Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to the complaint, on October 22, 2025, Plaintiff received a letter from the Wisconsin State Public Defenders Office dated September 30, 2025. The letter advised that Plaintiff's name, address, and social security number were disclosed to an unidentified individual. Plaintiff alleges that this was a "massive breach of trust, breach of legal duty, legal malpractice, invasion of privacy, invasion of privacy by intrusion, invasion of privacy by public disclosure of private facts, violation of my constitutional right to privacy, [and] violation of the laws that constitute zone of privacy." Compl. at 2, Dkt. No. 1.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that the Wisconsin State Public Defenders Office violated his constitutional rights to privacy and zone of privacy.

The Seventh Circuit has recognized a Fourteenth Amendment right "to privacy of medical, sexual, financial, and perhaps other categories of highly personal information." *Doe v. Gray*, 75 F.4th 710, 717 (7th Cir. 2023) (internal quotation marks and citation omitted). However, 42 U.S.C. §1983 "only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). The Wisconsin State Public Defenders Office is a state agency and is not a "person" within the meaning of §1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Plaintiff has failed to state a claim arising under the United States Constitution or federal law.

Plaintiff has also asserted state law claims against the Wisconsin State Public Defenders Office. Absent a viable federal claim, the Court does not have jurisdiction over any purported state law claims. *See* 28 U.S.C. §1367. Plaintiff may pursue any state law claims in a state forum.

Normally, courts should afford *pro se* plaintiffs leave to amend their defective complaints. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But this is only necessary when "frivolous factual allegations could be remedied through more specific pleading." *See Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994). Here, allowing Plaintiff leave to amend would be futile. No amount of additional pleading would change the ultimate conclusion that Plaintiff fails to state a claim that arises under the United States Constitution or federal law. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 522 (7th Cir. 2015) (recognizing that district courts may deny leave to amend when any amendment would be futile).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each

time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin on January 23, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.